## UNITED STATES of America, Appellee,

v.

## Robert DEL CARPIO, Defendant–Appellant.

Docket No. 00–1765.

United States Court of Appeals, Second Circuit.

April 17, 2003.

David L. Lewis, New York, NY, for Appellant.

Thomas J. Seigel, Assistant United States Attorney, New York, N.Y. (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), for Appellee.

Present: JACOBS, STRAUB, Circuit Judges, and WOOD, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

Robert Del Carpio appeals from a final judgment of conviction and a sentence entered in the United States District Court for the Eastern District of New York (Korman, *Chief Judge*).

■ Del Carpio's challenge to the validity of his guilty plea is premised on his argument that the district court should have ordered an evidentiary hearing into his competence because of (1) Del Carpio's extensive psychiatric history, (2) the fact that he was taking a number of psychotropic medications at the time of his plea proceeding, and (3) his supposedly incoherent responses to certain questions posed at that proceeding.

Rule 11, Fed.R.Crim.P., is designed to assist district courts in ensuring that a defendant's guilty plea conforms with the requirements of due process, i.e., that the plea is knowing and voluntary. *See McCarthy v. United States*, 394 U.S. 459, 465–66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Couto*, 311 F.3d 179, 189 (2d Cir.2002). Under Rule 11, "if there is *any* indication, as there was in this case, that defendant is under the influence of any medication, drug or intoxicant, it is incumbent upon the district court to explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty." *See United States v. Rossillo*, 853 F.2d 1062, 1066 (1988).

"But while Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea, it does 'not ... tell them precisely how to perform this important task in the great variety of cases that ... come before them.'" *United States v. Maher*, 108 F.3d 1513, 1520–21 (2d Cir.1997) (ellipses in original) (quoting *United States v. Saft*, 558 F.2d 1073, 1079 (2d Cir.1977)); *see also McCarthy*, 394 U.S. at 467 n. 20 (stating that "[t]he nature of the inquiry required by Rule 11 must necessarily vary from case to case"). "What is essential, however, is that the court determine by some means that the defendant actually understands the nature of the charges." *Maher*, 108 F.3d at 1521.

Prior to the plea proceeding, the district court ordered a thorough psychiatric examination which confirmed that the defendant was not suffering from a mental disease or defect rendering him incompetent, and that neither his mental condition nor his medications impaired his ability to understand the nature and consequences of the proceedings against him. [A66–78] This examination took place several months prior to the plea proceeding, but nothing in the record shows that defendant's mental competence had changed in the interim.

At the plea proceeding itself, the court questioned the defendant about both his psychiatric treatment and his medications (which appear to be the same as those he was taking at the time of the earlier psychiatric exam) and the effect of those medications on defendant's mental state, [A16–19] precisely the kind of inquiry that satisfies the explicit requirements of Rule 11. *See Rossillo*, 853 F.2d at 1066; *see also United States v. Morrison*, 153 F.3d 34, 47 (1998) ("In deciding whether an evidentiary hearing [regarding defendant's competence] is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own observations of the defendant."). The defendant's responses to the district court's questioning at the hearing were not such as to undermine the court's finding that he was competent. *See United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir.1986) ("It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial."); *see also Morrison*, 153 F.3d at 45 (deferring to district

court's finding that defendant was competent, despite fact that "it [wa]s possible to conclude from the record that [defendant] was irrational or delusional at certain points during the trial process"). Moreover, the district court elicited from defense counsel her belief that defendant was capable of understanding the nature of the proceedings and was competent to plead guilty. [A19–20] Since counsel is well-positioned to know whether the defendant is able to participate in his own defense, this "provide[ed further and] substantial evidence of the defendant's competence." *See United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir.1986). We see no error in not conducting a further competence hearing. *See United States v. Andrades*, 169 F.3d 131, 135 (2d Cir.1999) ("A district court is not required to follow any particular formula in determining that defendant understands the nature of the charge to which he is pleading guilty.").

Del Carpio also argues that his trial counsel was ineffective for permitting him to plead guilty and for withdrawing a request for a pre-sentence evidentiary hearing regarding the quantity of loss alleged by the government. Neither claim has merit.

Del Carpio undertakes to show that: "(1) counsel's performance was unreasonably deficient under prevailing professional standards, and, (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different." *United States v. Torres*, 129 F.3d 710, 716 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, our affirmance of the district court's ruling that Del Carpio *was* competent to plead guilty forecloses a finding that Del Carpio's trial counsel was unreasonably deficient in reaching the same conclusion. The claim regarding trial counsel's with-

drawal of any challenge to the government's loss amount fails because Del Carpio has made no effort to demonstrate that this challenge is or was at all meritorious.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**